EMILY LAMBERTZ AND OTHERS v. ARCHIE W. DANIELS AND OTHERS.[1]

July 18, 1924.

No. 24,016.

**Refusal to vacate judgment sustained.**
> On the facts of this case, it was not an abuse of discretion to refuse to open a default judgment.

Action in the district court for Todd county by the administratrix of the estate of Nels John Lambertz, deceased, to recover $3,000, the value of certain personal property; $5,600, the value of certain land, or for restitution of the premises. From an order, Parsons, J., denying their motion to vacate a judgment upon default, plaintiffs appealed. Affirmed.

*E. Luther Melin, Thomas Manie* and *Ray G. Farrington,* for appellants.

*Donohue & Quigley,* for respondents.

PER CURIAM.
Appeal by plaintiffs from an order refusing to vacate a judgment entered upon their default.

The purpose of the action was to set aside the transfer by one long since deceased of certain real and personal property. The action was slow enough in the commencement. No proceedings were had for administration of the estate of the deceased grantor until 5 years after his death. Not until a year later, was this action commenced.

[1]Reported in 199 N. W. 904.

The case was on the September, 1922, general term calendar for trial. It was not reached until November 16. In the meantime, plaintiff's attorney had been notified repeatedly that defendants would insist upon trying the case in its order and in no event would assent to a continuance. When the case was finally called, neither plaintiffs nor their attorney were in court. The long distance telephone was used to advise the office of plaintiff's attorney of the situation, but without result.

An important circumstance is that, since 1920, three witnesses whose testimony would have been important for defendants have departed this life. The learned trial judge very aptly said:

"The history of the case as gathered from the files is a record of neglect and delay on the part of the plaintiffs and their attorneys in the assertion of their claims."

The order refusing to open the judgment was clearly right. In any event, it was not an abuse of discretion.

Order affirmed.